sent through the mail and were investigated by a United States postal inspector in the course of his duties. This inspector also obtained specimens of the plaintiff's handwriting and subsequently surrendered them together with the obscene matter to local authorities who, in turn, had the plaintiff arrested and prosecuted for the solicitation of sodomy in violation of state law. It was later determined that a person other than the plaintiff was the wrongdoer.

In authorizing suits against the United States for injury caused by the negligent or wrongful conduct of government employees acting within the scope of their duties, Congress has expressly precluded suits against the government on any "claim arising out of * * * false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit * * *." 28 U.S.C. § 2680(h). The district court concluded that this was such an action. We agree. Cf. Blitz v. Boog, 2d Cir., 1964, 328 F.2d 596; Tinkoff v. United States, 7th Cir., 1954, 211 F.2d 890.

The judgment will be affirmed.

Rayford Stevens, pro se.

Michael J. Rotko, Arlen Specter, Dist. Atty., Philadelphia, Pa. (Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Division, Philadelphia, Pa., on the brief), for respondent.

Before SMITH and SEITZ, Circuit Judges, and JOSEPH S. LORD, III, District Judge.

## OPINION OF THE COURT

### PER CURIAM.

The appellant was tried and convicted on an indictment charging him with aggravated robbery and was thereupon sentenced to a term of imprisonment. There was no appeal taken from the judgment. The appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County alleging that his conviction was based, at least in part, upon a coerced confession. The petition was dismissed and on appeal the dismissal was affirmed by the Superior Court of Pennsylvania. Commonwealth ex rel. Stephens v. Myers, 207 Pa.Super. 743, 216 A.2d 122 (1966). The appellant did not apply to the Supreme Court of Pennsylvania for allocatur.

The matter came before the court below on a petition for writ of habeas corpus in which the appellant challenged the constitutional validity of his conviction on the ground previously urged in

---

**UNITED STATES of America ex rel. Rayford STEVENS, Appellant,**

v.

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania, Respondent.**

**No. 16175.**

United States Court of Appeals Third Circuit.

Submitted Feb. 16, 1967.

Decided March 10, 1967.

the Court of Common Pleas of Philadelphia County, Pennsylvania. After an evidentiary hearing the court found, contrary to the appellant's contention, that the appellant's confession was voluntary and not the result of coercion. The present appeal is from the dismissal of the petition. We have examined the transcript of the testimony and find that there was ample evidence in the record to support the lower court's finding.

The judgment of the court below will be affirmed.

**Henry J. DI PRIMA, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 23805.

United States Court of Appeals
Fifth Circuit.

March 2, 1967.

Henry J. Di Prima pro se.

Charles B. Swanner, Asst. Atty. Gen., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM.

This habeas corpus case was heard by the District Court on oral evidence and on a certificate of the state trial judge. The United States District Court resolved all fact issues against the appellant. We cannot find these findings to be clearly erroneous. The trial court is charged with resolving issues of credibility of the several witnesses. Crediting the witnesses for the state, as it did, the trial court was warranted in making the findings of fact which resulted in a judgment dismissing the writ.

The judgment is affirmed.

**UNITED STATES of America**

v.

**Grover C. CROWE and William E. Veasey Grover C. Crowe, Appellant.**

No. 15453.

United States Court of Appeals
Third Circuit.

Argued Feb. 16, 1967.

Decided March 9, 1967.